UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mariama Moore, | No. 23-cv-3723 (KMM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Hamline University, et al., | |
| Defendants. | |

The Plaintiff, Mariama Moore, brought this case *pro se* against Defendants Hamline University, Dean of Students, Hamline University Residential Life, Dean of Student Employees, Syndey De Lambo, Dean Patti Kensten, Vice President Carlos Seed, David Everett, and Director of Residential Life Yolanda Hansen, alleging that she has been subjected to sex-based and race-based discrimination and other forms of mistreatment while a student at Hamline University in St. Paul. [*See generally* Compl., Dkt. 1.] On December 7, 2023, Ms. Moore filed a "Motion to Remove New Random Selected Judge(s) in Her New Open Case," in which she requested that the undersigned District Judge be removed "for actual bias and prejudice." [Dkt. 5.] Further, Ms. Moore indicates the basis of her motion is "sex-gender discrimination" and she asks that if her "case is dismissed without prejudice [she] would like to appeal the case in district court." [*Id.*] On January 8, 2024, Ms. Moore filed an identical motion. [Dkt. 16.]

The Court construes Ms. Moore's motions as seeking disqualification of the undersigned pursuant to 28 U.S.C. § 455 on grounds of prejudice and bias. Under § 455 a

judge shall be disqualified "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[D]isqualification is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *United States v. Wisecarver*, 644 F.3d 764, 771 (8th Cir. 2011) (citations omitted). "[T]he party seeking disqualification bears the substantial burden" of overcoming the presumption that a judge is impartial. *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008). District judges should not disqualify themselves unnecessarily and are given discretion to resolve motions for their disqualification. *United States v. Walker*, 920 F.2d 513, 516 (8th Cir. 1990); *Powell v. Wal-Mart Stores, Inc.*, No. CV 19-1590 (JRT/SER), 2019 WL 4917122, at *2 & n.3 (D. Minn. Oct. 4, 2019) (noting that whether disqualification is required is decided in the first instance by the judicial officer whose impartiality has been questioned).

The Court finds that Ms. Moore has not demonstrated that recusal or disqualification is warranted. "For recusal to be required, there must be 'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Powell*, 2019 WL 4917122, at *2 & n.4 (quoting *Liteky*, 510 U.S. at 555). There has been no such showing in this case. Indeed, Ms. Moore does not point to any judicial remarks by the undersigned that imply the biases she suggests the Court bears toward her, nor any other biases or prejudices that call into question the Court's impartiality in this matter. The motion is limited to conclusory statements of bias, which is generally insufficient. *See Devisme v. City of Duluth*, No. 21-CV-1195 (WMW/LIB), 2022 WL 507391, at *2 (D. Minn. Feb.

18, 2022) ("Devisme's motions provide no evidence or specific factual allegations that could reasonably demonstrate bias or prejudice."), *aff'd*, No. 22-1572, 2022 WL 6872000 (8th Cir. Oct. 12, 2022).

Though she does not reference any specific reason for bringing these motions for disqualification, presumably Ms. Moore seeks such relief because the Court has previously dismissed several lawsuits she filed in May 2023 without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *Moore v. Weaver*, No. 23-cv-1254 (KMM/LIB); *Moore v. Coach*, No. 23-cv-1255 (KMM/LIB); *Moore v. Children's Minn. Human Res.*, No. 23-cv-1256 (KMM/LIB); *Moore v. Target Corp.*, No. 23-cv-1257 (KMM/LIB); *Moore v. Hellmuth & Johnson*, No. 23-cv-1258 (KMM/LIB). However, even if this is the reason that Ms. Moore seeks disqualification, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

For these reasons, Ms. Moore's requests for disqualification of the undersigned are **DENIED**.

Date: January 9, 2024                         *s/Katherine Menendez*
                                              Katherine Menendez
                                              United States District Judge