UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mariama Moore, | Case No. 23-cv-3723 (KMM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Hamline University *et al.*, | |
| Defendants. | |

This matter is before the Court on pro se Plaintiff Mariama Moore's motions seeking a referral to the FBA Pro Se Project, a program run by the Minnesota Chapter of the Federal Bar Association, and an order directing Defendants to respond on an expedited basis.

Plaintiff seeks a referral to the FBA Pro Se Project and consideration for participation in the Court's Early Settlement Conference Project. *See generally* ECF No. 8. The Court notes that this is one of roughly 20 actions filed by Plaintiff in the last approximately eight months.[1] Plaintiff has been referred to the FBA Pro Se Project twice in other matters.[2] *See generally*

---

[1] *See, e.g.*, *Moore v. Hennepin County*, No. 23-cv-904 (ADM/ECW); *Moore v. Lancaster et al.*, No. 23-cv-905 (PJS/JFD); *Moore v. Robert Half INT INC*, No. 23-cv-906 (JRT/ECW); *Moore v. Allina Health System et al.*, No. 23-cv-907 (JWB/TNL); *Moore v. US Bank National Assoc et al.*, No. 23-cv-908 (WMW/LIB); *Moore v. Dry Goods, LLC et al.*, No. 23-cv-909 (PAM/DJF); *Moore v. State of Minnesota et al.*, No. 23-cv-1158 (WMW/JFD); *Moore v. Northbay Cos. et al.*, No. 23-cv-1253 (ECT/TNL); *Moore v. Weaver et al.*, No. 23-cv-1254 (KMM/LIB); *Moore v. Coach*, No. 23-cv-1255 (KMM/LIB); *Moore v. Children's Minnesota Human Resource et al.*, No. 23-cv-1256 (KMM/LIB); *Moore v. Target Corp.*, No. 23-cv-1257 (KMM/LIB); *Moore v. Hellmuth & Johnson*, No. 23-cv-1258 (KMM/LIB); *Moore v. Abercrombie Kids Stores et al.*, No. 23-cv-1610 (WMW/DLM); *Moore v. Carter*, No. 23-cv-1611 (JWB/ECW); *Moore v. State of Minnesota et al.*, No. 23-cv-1613 (PJS/JFD); *Moore v. Hamline Univ. et al.*, No. 23-cv-3723 (KMM/TNL); *Moore v. Piercing Pagoda*, No. 23-cv-1614 (NEB/DLM); *Moore v. Rasmussen Univ.*, No. 23-mc-80 (WMW/JFD); and *Moore v. Northbay Cos.*, No. 23-mc-103 (PAM). In June 2023, Plaintiff was "restricted from initiating new litigation in this District unless she is represented by counsel or receives advance permission of a judicial officer of this District." *Moore v. State of Minnesota et al.*, No. 23-cv-1613 (PJS/JFD) (D. Minn. June 2, 2023) (Order at 4). Plaintiff received such permission for the filing of the instant action. *See generally* ECF No. 4.

[2] Despite being advised about the nature of those referrals in the referral letter, Plaintiff subsequently moved for the appointment of counsel in each case because, among other things, the FBA Pro Se Project did not find an attorney to represent her. *See generally Moore v. Allina Health System et al.*, No. 23-cv-907 (JWB/TNL) (D. Minn. Sept. 28, 2023) (Motion); *Moore v. Carter*, No. 23-cv-1611 (JWB/ECW) (D. Minn. Sept. 28, 2023) (Motion). These motions were denied. *See generally Moore v. Allina Health System et al.*, No. 23-cv-907 (JWB/TNL) (D. Minn. Oct. 3,

*Moore v. Allina Health System et al.*, No. 23-cv-907 (JWB/TNL) (D. Minn. Aug. 11, 2023) (Letter); *Moore v. Carter*, No. 23-cv-1611 (JWB/ECW) (D. Minn. Aug. 11, 2023) (Letter). "*[P]ro se* litigants have neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). In this Court's view, a referral to the FBA Pro Se Project or the Early Settlement Conference Program is not appropriate at this time.

Plaintiff also requests that Defendants be ordered to answer within 14 to 21 days. *See generally* ECF No. 15. According to Plaintiff, Defendants "were served with the waiver for the forms from the U.S. Marshal[s] to provide an answer to the waiver of service, but they are allowed 60 days if they waive service." ECF No. 15 at 1-2. Plaintiff was granted leave to proceed *in forma pauperis* and directed to complete Marshal Service Forms for each of Defendants. *See generally* ECF No. 6. Consistent with the Court's December 27, 2023 Order, the Clerk of Court sent a Notice of Lawsuit and Request to Waive Service of a Summons to each of Defendants on January 4, 2024 based on the information Plaintiff provided in the Marshal Service Forms. ECF No. 6 at 1; *see generally* ECF No. 13. Defendants have until February 5, 2024 to return the waivers. *See generally* ECF No. 13. To date, no Defendant has returned a waiver. To date, no Defendant has appeared in this action. Thus, based on the record before the Court, it is not clear that any of Defendants even have notice of this action or that the addresses provided by Plaintiff for Defendants were in fact correct.

Lastly, the chambers of the undersigned recently received an e-mail from Plaintiff asking the Court to "check" certain motions Plaintiff filed and inquiring how Plaintiff would know if Defendants were served. It is Plaintiff's responsibility to comply with all applicable rules, laws, orders of the Court, and the like in this case notwithstanding her pro se status. *See, e.g.*, *Soliman*

2023) (Order); *Moore v. Carter*, No. 23-cv-1611 (JWB/ECW) (D. Minn. Oct. 3, 2023) (Order).

*v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."). This responsibility includes, but is not limited to, compliance with the Federal Rules of Civil Procedure and Local Rules of this Court.[3] The Court cannot advise Plaintiff on whether her filings are correct or provide her with any legal advice.

The Court further notes that Plaintiff applied for and was granted leave to file electronically as a pro se litigant. *See generally* ECF No. 14. Part of that application advised Plaintiff that she "can view electronic documents and docket sheets in person at the four divisional Clerk's Offices in the District of Minnesota at no charge on the public access terminals." *Application for Pro Se Litigant to File Electronically* at 3, U.S. Dist. Ct. for the Dist. of Minn., https://www.mnd.uscourts.gov/sites/mnd/files/forms/Pro-Se-Litigant-Application.pdf. The Court encourages Plaintiff to take advantage of this resource to check on the status of her litigation and any filings. The Court also encourages Plaintiff to take advantage of the electronic filing tools available on the District's website. *See, e.g.*, *Electronic Filing Tools*, U.S. Dist. Ct. for the Dist. of Minn., https://www.mnd.uscourts.gov/electronic-filing-tools.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's motions, ECF Nos. 8 and 15, are **DENIED**.

All prior consistent orders remain in full force and effect. Failure to comply with any

---

[3] Both of these are available on the Court's website along with other resources for litigants like Plaintiff who are representing themselves. *Representing Yourself*, U.S. Dist. Ct. for the Dist. of Minn., https://www.mnd.uscourts.gov/representing-yourself.

provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: January  11  , 2024                    *s/ Tony N. Leung*
                                              Tony N. Leung
                                              United States Magistrate Judge
                                              District of Minnesota

                                              *Moore v. Hamline University et al.*
                                              Case No. 23-cv-3723 (KMM/TNL)