UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mariama Moore,  No. 23-cv-3723 (KMM/TNL)

    Plaintiff,

v.  **ORDER**

Hamline University, et al.,

    Defendants.

On January 10, 2024, the Court entered an Order denying the Plaintiff's motions seeking disqualification of the undersigned District Judge due to alleged bias and prejudice. [Dkt. 17.] At the time of the Court's ruling, no memorandum of law in support of the motions had been docketed. However, after the Court issued the Order, Ms. Moore filed a memorandum more fully explaining her basis for the motion. [Dkt. 18.] Ms. Moore's memorandum does not change the Court's conclusion as to her request for disqualification.

In part, Ms. Moore references Minnesota Rules of Civil Procedure 63.01, 63.02 and 63.03. Minnesota Rule of Civil Procedure 63.03 establishes a procedure by which a party may file a notice to remove a judge as a matter of right that can lead to the disqualification of a judicial officer by the chief judge of the judicial district in which a case is filed. And all three of the cited rules govern actions in the courts of the State of Minnesota: they do not apply to federal litigation in the United States District Court for the District of Minnesota. As previously explained, requests for recusal under 28 U.S.C.

§ 455 may be determined, in the first instance, by the judge whose impartiality has been questioned. [*See* Order, Dkt. 17.] That is what the undersigned did based on Ms. Moore's earlier motions for disqualification. The same approach is permitted even if the Court were to view her filings through the lens of 28 U.S.C. § 144.[1] *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017) (explaining that whether a request is made under 28 U.S.C. § 455 or through an affidavit of prejudice under 28 U.S.C. § 144, the "judge to whom the motion is addressed" may make the recusal decision herself).

Next, Ms. Moore provides a reason for her request for disqualification in her memorandum that was not included in the motions she previously filed. She explains that she "is a Black African Woman . . . and the Judge in this matter is [of] White European Descent, and this is an assigned case of sex based discrimination and bias against Moore. . . . This shows actual evidence of actual bias, and not just a feeling you have about the judge's motives." [Dkt. 18-1 at 2.] The mere fact that a judge's race, sex, nationality, or gender identity differs from that of a litigant is an insufficient basis for recusal. *See Pride v. Herrerra*, 28 Fed. App'x 891, 894–95 (10th Cir. 2001) (upholding denial of motion to recuse based, in part, on assertion that judge's race was different from

---

[1] This statute provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.

that of the plaintiff); *O'Connor v. Lafayette City Council*, 2019 WL 6215444, at *3 (D. Colo. Nov. 21, 2019) (gender). Nor, for example, would a judge be required to recuse merely because she was of the same race as a litigant. *See LeRoy v. City of Houston*, 592 F. Supp. 415, 420 (S.D. Tex. 1984) ("Fundamentally, my only connection with the real parties in interest in this case is race. If my race is enough to disqualify me from hearing this case, then I must disqualify myself as well from a substantial portion of cases on my docket.").

For these reasons, the Court finds that Ms. Moore's memorandum of law [Dkt. 18, 18-1] provides no basis for the Court to change its ruling on her motion for disqualification.

Date: January 25, 2024                             *s/Katherine Menendez*
                                                   Katherine Menendez
                                                   United States District Judge