# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Mariama Moore,                          Case No. 23-cv-3723 (KMM/TNL)

         Plaintiff,

v.                                     **ORDER**

Hamline University *et al.*,

         Defendants.

---

This matter is before the Court on pro se Plaintiff Mariama Moore's second motion for an order directing Defendants to respond on an expedited basis. ECF No. 23; *see also generally* ECF No. 19 (order denying first motion).

Plaintiff was granted leave to proceed *in forma pauperis* and directed to complete Marshal Service Forms for each of Defendants. *See generally* ECF No. 6. Consistent with the Court's December 27, 2023 Order, the Clerk of Court sent a Notice of Lawsuit and Request to Waive Service of a Summons to each of Defendants on January 4, 2024 based on the information Plaintiff provided in the Marshal Service Forms. ECF No. 6 at 1; *see generally* ECF No. 13. Plaintiff has also recently submitted a certificate of service stating that she too mailed a Notice of Lawsuit and Request to Waive Service of a Summons to each of Defendants on January 4. *See generally* ECF No. 22. Plaintiff asserts that Defendants were required to return the waiver "within 21 days," which she calculates as February 1, 2024. ECF No. 21 at 1-2. Plaintiff also asserts that Defendants "have been engaging in unethical behaviors and acts after the lawsuit papers have been

1

filed and served to them," and there is good cause "for a[n] expediate answer within 21 days to provide an answer on February 1st, 2024."  ECF No. 23 at 1.

Under Rule 4(d)(1)(F) of the Federal Rules of Civil Procedure, a defendant from whom waiver of service has been requested shall be "give[n] . . . a reasonable time of at least 30 days after the request was sent . . . to return the waiver."  Consistent with Rule 4(d)(1)(F), the waiver documents sent by both the Clerk of Court and Plaintiff informed Defendants that the waiver form needed to be returned within 30 days.  *See, e.g.*, ECF No. 13 at 1 ("You must return one copy of the signed waiver form within **30** days from the date shown below, which is the date this notice was sent."); ECF No. 22-1 at 1 (same).  Whether that 30 days is measured from the requested waiver sent by the Clerk of Court on January 4 or the requested waiver mailed by Plaintiff on the same date, the result is the same: Defendants have until February 5, 2024 to return the waiver.  *See* Fed. R. Civ. P. 6(a)(1)(C).

It is not particularly clear from Plaintiff's filings how the relief sought—an expedited answer—would serve to address the circumstances of which Plaintiff complains.  Defendants timely returned the waivers on January 30, 2024.  *See generally* ECF Nos. 26-31.  Under Rule 4(d)(3), "[a] defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent . . . ."  Accordingly, Defendants have up to and including March 4, 2024, to answer or otherwise respond to the Complaint.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Plaintiff's motion, ECF No. 23, is **DENIED**.

All prior consistent orders remain in full force and effect.  Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: February  1  , 2024

_____ *s/ Tony N. Leung* _____
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Moore v. Hamline University et al.*
Case No. 23-cv-3723 (KMM/TNL)

3