UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mariama Moore,  No. 23-cv-3723 (KMM/TNL)

      Plaintiff,

v.  **ORDER**

Hamline University, et al.,

      Defendants.

This matter is before the Court on Plaintiff Mariama Moore's Motion for Entry of Default Judgment pursuant to Fed. R. Civ. P. 55(b). (Doc. No. 24). For the reasons that follow, the motion is denied.

In support of her motion for default judgment, Ms. Moore argues that she is entitled to such relief because the Defendants have failed to plead or otherwise defend, and the well-pled allegations of her Complaint establish the Defendants' liability. (Doc. No. 24 at 2.) Further, she contends that no hearing is necessary on the motion and that she should receive an award of $300,000,000 in civil damages. (*Id.* at 2–3 (describing the categories of damages sought).)

Given the nature of Ms. Moore's allegations in this case, including allegations that she is experiencing ongoing stalking and harassment by other students in Hamline University's dorms, the Court can understand her desire to obtain a swift and favorable resolution of the litigation. However, the Court cannot enter default judgment against the Defendants in this case for several reasons.

First, the applicable procedural hurdles for entry of default judgment have not been cleared. Default proceedings under Rule 55 move forward in two stages. In the initial stage, under Rule 55(a), after a defendant fails to file a timely answer or pre-answer motion in response to a complaint, a plaintiff files an application for entry of default with the Clerk of Court. If the plaintiff's application demonstrates that the defendant has failed to timely respond, then the Clerk enters that defendant's default on the record. *AGCO Fin., LLC v. Littrell*, 320 F.R.D. 45, 47 (D. Minn. 2017) (explaining that "[f]irst, under Rule 55(a), the litigant seeking the default judgment must submit proof that the opposing party failed to plead or otherwise defend against the claims and request that the clerk of court enter default as to the opposing party").

The second stage of the default procedure, which is set forth in Rule 55(b), allows a party to apply to the district court "for *default judgment* to be entered." *See id.* A district court cannot enter default judgment against any party under Rule 55(b) unless the clerk has first entered that party's default under Rule 55(a). *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (explaining that "entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)").

Here, the Clerk of Court has not entered the default of any Defendant against whom Ms. Moore seeks default judgment. Ms. Moore's motion seeks relief at the second stage of the default process before the first mandatory step has taken place. As a result, the Court must deny her motion for default judgment.

The second reason that entry of default judgment against the Defendants would be improper in this case is that Defendants have not, in fact, failed to plead or otherwise

defend. Based on other filings Ms. Moore has submitted in this matter, it appears to this Court that she believes they have failed to timely respond, and she has filed several documents in support of that assertion. But closer examination of the record reveals that Defendants still have time left to plead or otherwise respond to the Complaint.

Ms. Moore applied to proceed *in forma pauperis* ("IFP") in this action, and that application was granted on December 27, 2023. (Doc. No. 6.) That same day, the Clerk sent Ms. Moore a copy of the Order and service forms to complete and return so the Clerk could seek waiver of service from the Defendants consistent with Rule 4(d) of the Federal Rules of Civil Procedure. (*Id.* ¶ 3; Doc. No. 7.) On January 4, 2024, the Clerk received completed service forms for all Defendants from Ms. Moore and sent out a notice of lawsuit and request for waiver of service to each of the Defendants. (Doc. No. 13.)

As United States Magistrate Judge Tony N. Leung explained in the Order granting Ms. Moore's IFP application, the Defendants had 30 days from the date the waiver was mailed (January 4th) to sign and return the waiver. (Doc. No. 6 ¶ 4.) On January 30, 2024, within that 30-day window, all Defendants returned signed waivers. (Doc. Nos. 26–31.) Because they did so, Defendants are not required to answer or otherwise respond to the Complaint until March 4, 2024, which is 60 days from the date the Clerk mailed the completed waiver forms to the Defendants. Fed. R. Civ. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent[.]"). Therefore, none

3

of the Defendants has failed to plead or otherwise defend in this case within the meaning of Rule 55, and entry of default judgment would be inappropriate for this reason as well.

Based on the foregoing, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Default Judgment (Doc. No. 24) is **DENIED**.

Date: February 27, 2024     *s/Katherine Menendez*
United States District Judge
District of Minnesota